# EXHIBIT A

Electronically Filed
7/28/2021 11:02 AM
Steven D. Grierson
CLERK OF THE COURT

**COMP**
**KEVIN R. HANSEN, ESQ.**
Nevada Bar No. 6336
**AMY M. WILSON, ESQ.**
Nevada Bar No. 13421
**LAW OFFICES OF KEVIN R. HANSEN**
5440 West Sahara Avenue, Suite 206
Las Vegas, Nevada 89146
Tel: (702) 478-7777
Fax: (702) 728-2484
kevin@kevinrhansen.com
amy@kevinrhansen.com
*Attorneys for Plaintiff*

CASE NO: A-21-838577-C
Department 31

## EIGHTH JUDICIAL DISTRICT COURT

## CLARK COUNTY, NEVADA

| | |
|---|---|
| WILLARD PATRICK WITHAM, an Individual,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>PERI FORMWORK SYSTEMS, INC., a Foreign Corporation; DOES I through X, and ROE BUSINESS ENTITIES I through X, inclusive.<br><br>　　　　Defendants. | Case No.:<br>Dept No.:<br><br><br><br>**COMPLAINT** |

　　　　Plaintiff WILLARD PATRICK WITHAM, ("Plaintiff") by and through his counsel of record, KEVIN R. HANSEN, ESQ., and AMY M. WILSON, ESQ., of the law firm of LAW OFFICES OF KEVIN R. HANSEN, complains and avers of the Defendants as follows:

### PARTIES IN JURISDICTION

　　　　1.　　The facts and circumstances that give rise to the subject lawsuit occurred on or about August 24, 2019, in Clark County, Nevada.

　　　　2.　　Plaintiff, WILLARD PATRICK WITHAM (hereinafter, "Plaintiff") is, and at all times relevant herein was, a resident of Clark County, State of Nevada.

1

3.  Upon information and belief, Defendant PERI FORMWORK SYSTEMS, INC (hereinafter, "PERI") is a Corporation formed under the laws of the State of Maryland conducting business in Clark County, State of Nevada.

4.  Defendants DOES I through X, and ROE BUSINESS ENTITIES I through X, are set forth herein pursuant to rule 10 of the Nevada Rules of Civil Procedure as all unknown persons or business entities currently unknown to Plaintiff who have a claim to any interest in the subject matter of this action, whose true name(s) is (are) unknown to Plaintiff, and who are believed to be responsible for the events and happenings referred to in this Complaint, causing injuries and damages to the Plaintiff, or who are otherwise interested in the subject matter of this Complaint. At such time when the names of said DOES and ROE BUSINESS ENTITIES have been ascertained, Plaintiff will request leave from the court to insert their true names and capacities and adjoin them in this action so that the Complaint will be amended to include the appropriate names of said DOE and ROE BUSINESS ENTITIES.

5.  Included within Defendants DOES I through X are DOE MANUFACTURERS, DOE DESIGNERS and DOE DISTRIBUTERS, relating to the manufacture, design and distribution of the scaffolding that caused the injuries alleged herein. The names of these persons or entities are not known but Plaintiff reserves the right to amend the complaint to include such DOE MANUFACTURERS, DOE DESIGNERS and DOE DISTRIBUTERS as they become known through discovery. All of the defendants, including the DOE MANUFACTURERS, DOE DESIGNERS and DOE DISTRIBUTERS, are referred to herein as "Defendants" or "Defendants and each of them."

6.  Jurisdiction is obtained and venue is properly set in the Eighth Judicial District Court for the State of Nevada.

2

## FACTS

7. Plaintiff incorporates and re-alleges the foregoing paragraphs of this Complaint as though these paragraphs were fully set forth herein.

8. On August 24, 2019, Plaintiff was employed by M.J. Dean Construction, Inc. as a Journeyman Carpenter working at the MSG Sphere Project in Las Vegas, Nevada, where M.J. Dean Construction Inc., was a subcontractor on a very large scale construction project.

9. Plaintiff has worked in construction for over 30 years, he holds mulitple certificates for safety training and is very focused on work site safety. Plaintiff has safely worked at multiple large construction sites in Las Vegas, Nevada without incident.

10. The General Contractor of the MSG Sphere Project had contracted with Defendant PERI Framework Systems, Inc. as the material supplier of formwork, shoring, scaffolding and attendant materials for the project.

11. At approximatley 9:30 am, on August 24, 2019, Plaintiff set up his 32' extension ladder on the inside of the PERI multiprop shoring tower that was put in place by a crane operator. The ladder was placed on the inside of the tower leaning up against the south MRK rail.

12. Plaintiff unhooked the crane rigging from the shoring tower and signaled the crane to cable up.

13. As the crane was loading up, the rigging got hooked on the MRK pin causing the tower to tip over and fall with Plaintiff inside the shoring causing Plaintiff to fall off the ladder and hit the ground from approximately 20' high causing serious and permanent personal injuries to Plaintiff.

14. The PERI scaffolding system was defective and dangerous in multiple ways including but not limited to the MRK pin protruding where it could be hooked by the rigging and

3

the shoring tower being designed such that it was overly susceptible to tipping and instability compared to other brands and designs available and on the market.

15. Plaintiff was immediately taken by ambulance to a hospital. After many hours of medical care and treatment, Plaintiff survived the fall, but sustained serious and permanent injuries that require ongoing medical care.

## FIRST CAUSE OF ACTION
### *(Strict Product Liability)*

16. Plaintiff incorporates and re-alleges the foregoing paragraphs of this Complaint as though these paragraphs were fully set forth herein.

17. Defendants and each of them, are or were in the business of designing, manufacturing, distributing, and selling PERI Formwork scaffolding system to the public, including the manufacturing, design, selling and/or maintenance of the scaffolding system that is the subject of this action.

18. Defendants and each of them, put all or part of the PERI scaffolding system into the stream of commerce so that the General Contractor on the MSG Sphere Project was able to obtain the PERI scaffolding system and put it into use on the jobsite.

19. All or part of the PERI scaffolding system contained a manufacturing and/or design defect that caused the scaffolding system to operate in an unreasonably dangerous manner.

20. As a result of the PERI scaffolding's defective condition, the scaffolding failed to perform in the manner reasonably to be expected in light of its nature and intended functions.

21. Defendants and each of them could have designed and/or manufactured the PERI scaffolding system using proper design, mechanisms, and procedures so as not to compromise the product's price or utility and doing so would have prevented the injury to Plaintiff.

////

22. Defendants and each of them also failed to give adequate warnings to ensure the PERI scaffolding system's safe and proper use, including but not limited to a failure to warn that the MRK pin was protruding where it could be easily hooked by the rigging and the shoring tower being designed such that it was overly susceptible to tipping and instability compared to other brands and designs available and on the market.

23. Defendants and each of them put the PERI scaffolding system in an unreasonably dangerous and defective condition for the consuming public.

24. All of these defects existed when the PERI scaffolding left Defendants' control and was put into the stream of commerce.

25. It was reasonably foreseeable by Defendants and each of them that a consumer would use the scaffolding in the manner in which it was used by Plaintiff on the MSG Sphere Project construction site.

26. As a direct and legal result of the PERI scaffolding's defective condition, Plaintiff sustained severe bodily trauma, all or some of which may be permanent and disabling in nature. These injuries have required and will continue to require extensive medical care, including surgery, physicians, nurses, ambulance costs, hospitalization, medication, therapy, and other expenses, in an amount of special damages in excess of $15,000.00. In this regard, Plaintiff prays leave of the Court to insert all these damages herein when they have been fully ascertained or proven at the time of trial.

27. As a further direct and legal result of the PERI scaffolding's defective condition, Plaintiff sustained a loss of future earnings and earnings capacity. The exact amount of such income is unknown at the present time, but Planitiff alleges that this amount of special damages is in excess of $15,000.00.

5

28. As a direct and legal result of the PERI scaffolding's defective condition, Plaintiff has endured pain and suffering, worry, anxiety, emotional distress, loss of enjoyment of life, and will continue to endure these losses for an indefinite period of time in the future, in an amount of general damages in excess of $15,000.00. In this regard, Plaintiff prays leave of the Court to insert all these damages when they have been fully ascertained or proven at the time of trial.

29. As a further direct and legal result, Plaintiff has incurred expenses for attorneys' fees and costs of suit and is entitled to compensation for those expenditures in an amount to be determined by the Court.

## SECOND CAUSE OF ACTION
*(Negligence)*

30. Plaintiff incorporates and re-alleges the foregoing paragraphs of this Complaint as though these paragraphs were fully set forth herein.

31. Defendants and each of them owed a duty of reasonable care to Plaintiff in the design, manufacturing, selling and distribution of its products for public use. Additionally, Defendants failed to issue adequate warnings to ensure the PERI scaffolding systems's safe and proper use, including but not limited to a failure to warn that the MRK pin was protruding where it could be hooked by the rigging and the shoring tower being designed such that it was overly susceptible to tipping and instability compared to other brands and designs available and on the market. Defendants' duty required them to ensure that the PERI scaffolding system was not placed in the market in an unreasonably dangerous condition.

32. Defendants and each of them breached this duty by failing to exercise reasonable care in the design, manufacturing, selling, testing, quality assurance, quality control, issuing of warnings, and distribution for public use of the PERI scaffolding system.

////

33. It was reasonably foreseeable by Defendants and each of them that a consumer would use the scaffolding in the manner in which it was used by Plaintiff on the MSG Sphere Project construction site.

34. As a direct and legal result of the PERI scaffolding system's defective condition, Defendants and each of them caused Plaintiff to sustain severe bodily trauma, all or some of which may be permanent and disabling in nature. These injuries have required and will continue to require extensive medical care, including surgery, physicians, nurses, ambulance costs, hospitalization, medication, therapy, and other expenses, in an amount of special damages in excess of $15,000.00. In this regard, Plaintiff prays leave of the Court to insert all these damages herein when they have been fully ascertained or proven at the time of trial.

35. As a further direct and legal result of the PERI scaffolding system's defective condition, Plaintiff sustained a loss of future earnings and earnings capacity. The exact amount of such income is unknown at the present time, but Planitiff alleges that this amount of special damages is in excess of $15,000.00.

36. As a direct and legal result of the PERI scaffolding's defective condition, Plaintiff has endured pain and suffering, worry, anxiety, emotional distress, loss of enjoyment of life, and will continue to endure these losses for an indefinite period of time in the future, in an amount of general damages in excess of $15,000.00. In this regard, Plaintiff prays leave of the Court to insert all these damages when they have been fully ascertained or proven at the time of trial.

37. As a further direct and legal result, Plaintiff has incurred expenses for attorneys' fees and costs of suit and is entitled to compensation for those expenditures in an amount to be determined by the Court.

////

WHEREFORE, Plaintiff expressly reserving the right to amend this Complaint prior to or at the time of trial of this action and to insert those items of damage not yet fully ascertainable, prays judgment against all Defendants, and each of them, as follows:

1. For general damages sustained by Plaintiff in an amount in excess of $15,000.00;

2. For special damages sustained by Plaintiff in an amount in excess of $15,000.00;

3. For loss of future earnings and earnings capacity according to proof;

4. For the cost of suit and reasonable attorney's fees and costs;

5. For interest at the statutory rate; and

6. For such other relief as the Court deems just and proper.

DATED this 28th day of July 2021.

LAW OFFICES OF KEVIN R. HANSEN

_____
KEVIN R. HANSEN, ESQ.
Nevada Bar No. 6336
AMY M. WILSON, ESQ.
Nevada Bar No. 13421
5440 West Sahara Avenue, Suite 206
Las Vegas, Nevada 89146
Tel: (702) 478-7777
Fax: (702) 728-2484
kevin@kevinrhansen.com
amy@kevinrhansen.com
*Attorneys for Plaintiff*

8