Brooke A. Bohlke
Nevada Bar No. 9374
**WOOD, SMITH, HENNING & BERMAN LLP**
2881 Business Park Court, Suite 200
Las Vegas, Nevada 89128-9020
Phone: 702 251 4100 ♦ Fax: 702 251 5405
bbohlke@wshblaw.com

Attorneys for Defendant Peri Formwork Systems, Inc.

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA, SOUTHERN DIVISION

| | |
|---|---|
| WILLARD PATRICK WITHAM, an Individual,<br><br>           Plaintiff,<br><br>v.<br><br>PERI FORMWORK SYSTEMS, INC., a Foreign Corporation; DOES I through X, and ROE BUSINESS ENTITIES I through X, inclusive,<br><br>           Defendants. | Case No. 2:21-cv-01632-JCM-BNW<br><br>**STIPULATION AND ORDER TO EXTEND DISCOVERY DEADLINES (SECOND REQUEST)** |

Defendant PERI FORMWORK SYSTEMS, INC., by and through their counsel of record, the law firm of Wood Smith Henning & Berman, LLP and Plaintiff WILLARD PATRICK WITHAM, by and through his counsel of record, the Law Offices of Kevin R. Hansen, jointly STIPULATE to and request a ninety (90) day extension of the discovery deadlines, up to and including December 19, 2022. This is the second request to extend discovery deadlines. In support of this stipulation, the parties state as follows:

**I.      DESCRIPTION OF CASE**

This lawsuit arises out of a construction site injury involving Plaintiff, Willard Witham, that occurred on Saturday August 24, 2019 at approximately 9:30 a.m., in the basement of the MSG Sphere Project located at 255 Sands Avenue, Las Vegas, Nevada.  According to Plaintiff's Complaint, Mr. Witham had set up his 32 foot extension ladder on the inside of the PERI multi-

prop shoring tower that was put in place by a crane operator. The ladder was placed on the inside of the tower leaning up against the south MRK rail. Plaintiff unhooked the crane rigging from the shoring tower and signaled the crane to cable up. As the crane was loading up, the rigging got hooked on the MRK pin, causing the tower to tip over and fall with Plaintiff inside the shoring, causing Plaintiff to fall off the ladder and hit the ground. Plaintiff approximates the fall to be from 20 feet in the air and was transported by an emergency medical vehicle to University Medical Center. Plaintiff alleges serious and permanent personal injuries as a result of the fall.

## II.     DISCOVERY

### A.     Discovery Completed

1. Fed R. Civ. P. 26(a)(1) Initial Disclosures:

    i.  Plaintiff and Defendants exchanged initial disclosures of witnesses and documents pursuant to FRCP 26 on November 5, 2021 and November 9, 2021, respectively.

2. Written Discovery:

    i.  Plaintiff sent out written discovery requests, including requests for interrogatories and requests for production of documents to Defendant Peri Formwork Systems, Inc. on January 7, 2022. Defendant provided its responses to Plaintiff on March 11, 2022. In connection with its response to Plaintiff's requests for production of documents, Defendant provided Plaintiff with a flash drive containing **over 48,000 pages** of documents and exhibits, along with other data in the form of images and videos which is still being reviewed by Plaintiff's counsel.

    ii. Defendant sent out written discovery requests, including requests for production of documents, requests for admissions, and interrogatories to Plaintiff on May, 18, 2022. Plaintiff provided its responses to Defendant on June 17, 2022. In connection with its response to Defendant's requests for production of documents, Plaintiff provided Defendant with authorization for employment records, authorization for release of workers' compensation information, request for copy of tax return, and authorization for use/disclosure of protected health information, which is still being reviewed by Defendant's counsel.

3. Depositions:

    i. No depositions have been taken at this time as both parties are still sorting through the vast amount of information provided in this matter. Both parties anticipate setting depositions in the upcoming months.

**B.      Discovery that Remains to be Completed**

1. Deposition of Plaintiff Willard Witham must be completed;
2. Deposition of NRCP 30(b)(6) Designee(s) for Defendant PERI Formwork Systems, Inc.;
3. Depositions of Plaintiff's treating providers; Disclosures and depositions of expert witnesses;
4. Subpoenas of additional Plaintiff medical records and worker's compensation records;
5. Depositions of percipient/other witnesses; and
6. Additional written discovery, if necessary.

**III.     Reasons Why Discovery Remaining Was Not Completed**

This is a complex case involving claims for strict product liability and negligence where the Plaintiff was seriously injured on a construction site in Las Vegas. The parties have exchanged a substantial amount of information, including potential witnesses, documents, images and videos. Plaintiff anticipates its liability expert will need more time to review the over 48,000 pages of additional documents and data produced by Defendant. Plaintiff has also produced to Defendant nearly 3,000 pages of documents, including Plaintiff's medical records and the OSHA investigation file correlated to the incident at issue in this matter. Defendant's experts need adequate time to review all materials and prepare appropriate reports.

Defendants anticipate sending out additional written discovery requests to Plaintiff and scheduling Plaintiff's deposition. Plaintiff and Defendants are in the process of retaining and disclosing expert witnesses. The experts Defendant intend on retaining include a biomechanical accident reconstruction expert, an orthopedic surgeon, a construction standard of care expert, and potentially a neurosurgeon. The parties anticipate their expert witnesses will need extra time to review discovery responses, deposition transcripts, and further documentation exchanged in this matter in preparation of their reports. Because of the numerous experts necessary and the plethora

1 of documents and information involved in this matter, good cause exists to extend discovery
2 deadlines for this matter.

### IV.  CURRENT SCHEDULE TO COMPLETE REMAINING DISCOVERY:

| | |
|---|---|
| Initial Expert Disclosure: | 7/20/2022 |
| Rebuttal Expert Disclosure: | 8/19/2022 |
| Close of Discovery: | 9/19/2022 |
| Dispositive Motion Deadline: | 10/19/2022 |
| Pre-Trial Order: | 11/18/2022 |

### V.  PROPOSED SCHEDULE FOR COMPLETING DISCOVERY:

| | |
|---|---|
| Initial Expert Disclosure: | 10/18/2022 |
| Rebuttal Expert Disclosure: | 11/17/2022 |
| Close of Discovery: | 12/19/2022 |
| Dispositive Motion Deadline: | 1/17/2023 |
| Pre-Trial Order: | 2/16/2023 |

### VI.  REQUEST NUMBER

This is the parties' second request to extend discovery deadlines.

### VII.  LOCAL RULES OF PRACTICE COMPLIANCE

Pursuant to LR 26-3, a motion or stipulation to extend any date set by the discovery plan, scheduling order, or other order, must in addition to satisfying the requirements of LR IA 6-1, be supported by a showing of good cause for the extension; be received by the court no later than twenty-one (21) days before the expiration of the subject deadline; and any request within twenty-one (21) days of the subject deadline must be supported by a showing of good cause. Any request made after the expiration of the subject deadline will not be granted unless the movant also demonstrates that the failure to act was the result of excusable neglect. The motion or stipulation to extend a discovery deadline or to reopen discovery must include:

    a)    A statement specifying the discovery completed;

    b)    A specific description of the discovery that remains to be completed;

   c) The reasons why the deadline was not satisfied or the remaining discovery was not completed within the time limits set by the discovery plan; and

   d) A proposed schedule for completing all remaining discovery.

This request is timely made pursuant to LR 26-4. Trial in this matter has not yet been set and dispositive motions have not yet been filed. As such, this extension will not delay this case. Moreover, since this request is a joint request, neither party will be prejudiced. This extension will allow the parties the time needed to adequately prosecute and defend this case.

WHEREFORE, the aforesaid Parties, by and through their respective undersigned counsel of record, hereby agree, subject to the Court's approval, that the deadlines for discovery be extended.

IT IS SO STIPULATED this 19th day of July, 2022.

| LAW OFFICES OF KEVIN R. HANSEN | WOOD, SMITH, HENNING & BERMAN LLP |
|---|---|
| By: */s/ Amanda A. Harmon*<br>KEVIN R. HANSEN<br>Nevada Bar No. 6336<br>AMANDA A. HARMON<br>Nevada Bar No. 15930<br>5440 West Sahara Avenue, Suite 206<br>Las Vegas, Nevada 89146<br>T: (702) 478-7777<br>Attorneys for Plaintiff<br>WILLARD PATRICK WITHAM | By: */s/ Brooke A. Bohlke*<br>BROOKE A. BOHLKE<br>Nevada Bar No. 9374<br>2881 Business Park Court, Suite 200<br>Las Vegas, Nevada 89128-9020<br>Telephone: 702 251 4100<br>Attorneys for Defendant<br>PERI FORMWORK SYSTEMS, INC. |

**ORDER**
**IT IS SO ORDERED**

**DATED:** 2:52 pm, July 20, 2022

**BRENDA WEKSLER**
**UNITED STATES MAGISTRATE JUDGE**

# Erika McDonagh

| | |
|---|---|
| **Subject:** | FW: Witham v. PERI Formwork SAO |
| **Attachments:** | SAO to Extend Discovery (Second Request).nrl |

**From:** Amanda Harmon <amandah@kevinrhansen.com>
**Sent:** Tuesday, July 19, 2022 10:51 AM
**To:** Nathaniel R. Carlson <NCarlson@wshblaw.com>; Kevin R. Hansen <kevin@kevinrhansen.com>
**Cc:** Jordan E. Kingsley <JKingsley@wshblaw.com>; Erika McDonagh <EMcDonagh@wshblaw.com>
**Subject:** [EXTERNAL] RE: Witham v. PERI Formwork SAO

Hi Nathaniel,

Looks fine. Go ahead and add my electronic signature.

Thank you for drafting.

Sincerely,

Amanda A. Harmon, Esq.
LAW OFFICES OF KEVIN R. HANSEN
5440 W. Sahara Ave., Suite 206
Las Vegas, Nevada 89146
Phone: (702) 478-7777
Fax: (702) 728-2484
amandah@kevinrhansen.com

-DISCLAIMER-

This electronic mail message and any attachments are confidential and may also contain privileged attorney-client information or work product.  The message and any attachments are intended only for the use of the addressee.  If you are not the intended recipient, or the person responsible to deliver it to the intended recipient, you may not use, disseminate, distribute or copy this communication.  If you have received this email in error, please immediately notify us by reply electronic mail or by telephone at (702) 478-7777, and delete this original message.  Thank you.

**From:** Nathaniel R. Carlson <NCarlson@wshblaw.com>
**Sent:** Monday, July 18, 2022 6:29 PM
**To:** Amanda Harmon <amandah@kevinrhansen.com>; Kevin R. Hansen <kevin@kevinrhansen.com>
**Cc:** Jordan E. Kingsley <JKingsley@wshblaw.com>; Erika McDonagh <EMcDonagh@wshblaw.com>
**Subject:** Witham v. PERI Formwork SAO

Hi Amanda and Kevin,

Attached is a SAO to Extend Discovery. Please let me know if you have any proposed revisions or if we have authority to utilize your e-signature. Thank you.



**Nathaniel R. Carlson**
Associate

A 2881 Business Park Court, Suite 200, Las Vegas, NV 89128-9020
D 702.940.0353  F 702.251.4105
E ncarlson@wshblaw.com  W www.wshblaw.com

**Personal Bio** · **Facebook** · **LinkedIn** · **Twitter**

WSHB CONFIDENTIALITY NOTICE: This message may contain information that is attorney-client privileged, attorney work product or otherwise confidential. If you are not an intended recipient, use and disclosure of this message are prohibited. If you receive this transmission in error, please notify the sender by reply email and delete this message and any attachments.